In the

# United States Court of Appeals
### For the Seventh Circuit

---

No. 04-4329

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

THERESA PHILLIPS,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 CR 1063—**Blanche M. Manning,** *Judge.*

---

ARGUED SEPTEMBER 28, 2005—DECIDED NOVEMBER 17, 2005
PUBLISHED JANUARY 24, 2006[Œ]

---

Before FLAUM, *Chief Judge*, and MANION and EVANS, *Circuit Judges*.

PER CURIAM. Prior to the filing of the indictment in this case, Chief Judge Charles Kocoras of the Northern District of Illinois issued an order, at the request of the government, freezing assets belonging to Theresa Phillips in the amount of $326,646.77. Phillips wants the assets—or at least most of them—released.

---

[Œ] This opinion was originally issued as an unpublished order on November 17, 2005. Upon request, the panel has determined that this decision should now issue as a published opinion.

Phillips and Fernandos Johnson were charged with health care fraud, in violation of 18 U.S.C. §§ 2 and 1347. After Phillips was indicted, she filed a motion in the district court for return of the frozen assets. In response to the motion, the government filed a superseding indictment, apparently to undermine one of Phillips' arguments. Judge Blanche Manning, to whom the case was assigned for trial, denied Phillips' motion and the subsequent request for reconsideration. Phillips filed this interlocutory appeal, over which our jurisdiction is established, *see United States v. Kirschenbaum*, 156 F.3d 784 (7th Cir. 1998).

The allegations of the superseding indictment are that Phillips owned and operated Health Care Creations (HCC), a company designed to provide psychotherapy services to Medicare and Medicaid recipients residing in skilled nursing facilities. Defendant Johnson was employed by HCC as a therapist even though he was not licensed to conduct psychotherapy services. Phillips billed the Medicare program, the indictment alleges, for psychotherapy services rendered by unlicensed persons, including Johnson. Medicare reimbursement checks were sent through the mail to HCC at an address in Bolingbrook, Illinois. Phillips and her husband deposited the checks into a bank account at West Suburban Bank in the name of HCC. Then they transferred some of the proceeds into other bank accounts held in their names, either individually or jointly. In addition, Ms. Phillips used some of the proceeds to purchase a Mercedes Benz 430 and two residences in Bolingbrook. Through this scheme—it is alleged in the superseding indictment—Phillips defrauded Medicare to the tune of some $1,165,000. In addition to the general allegation of fraud, five specific counts of fraud based on specific checks are set out, totaling $47,947.87 in ill-gotten gains.

It is because the latter specific counts in the indictment allege fraud in the amount of $47,947.87 that Phillips

argues she is entitled to the release of property in excess of that amount. However, she also claims that there are no forfeiture provisions in the superseding indictment and therefore *all* of the assets must be released. Along the way, she mentions, very briefly, that the assets must be released because she does not have money to pay for her defense in this case. Finally, she argues that the assets belonging to her husband must be released because he has not been indicted.

It is true that specific allegations set out $47,947.87 in fraudulently obtained receipts from Medicare. However, as we have hinted, in response to Phillips' argument in the district court that the forfeiture would be limited to that amount, the government beefed up the allegations in the superseding indictment. Paragraph 11 states:

> It was further part of the scheme that defendant Theresa Phillips knowingly accepted payment from Medicare for psychotherapy services which she knew had not been performed. Through the scheme, defendant Theresa Phillips defrauded Medicare out of more than $1,165,000 from approximately December 3, 1999, to March 17, 2003.

This allegation more than covers the amount of the frozen assets.

Phillips contends, however, that amounts in excess of $47,947.87 are not traceable to the alleged fraud. She states that she and her husband had another business called Pure Baby and that over half of their income was from that business. We reject that argument as well.

For one thing, there are no facts to support her claim. In the decision denying Phillips' motion for return of property, Judge Manning noted that before issuing the pre-indictment order to freeze the assets, Chief Judge Kocoras conducted an evidentiary hearing to determine whether there was probable cause for forfeiture. However, no

transcripts or orders from that hearing were provided to Judge Manning, who noted that "Phillips has not put forth any arguments or evidence to show that [Judge Kocoras's] decision was incorrect." Quite naturally, then, the record before us is also insufficient to carry the day for Phillips. We have no basis on which to say that the decision of the district court was in error. We have simply a conclusory statement that over half the income was from Pure Baby. That is far from sufficient.

The law also is not on Phillips' side. The superseding indictment (which does indeed contain forfeiture allegations despite Phillips' claim to the contrary, a point on which we will say no more) calls for forfeiture pursuant to 18 U.S.C. § 982(b)(1). That provision is governed by procedures set out in 21 U.S.C. § 853. We have said that § 853 "prohibit[s] a post-indictment hearing for the defendant to challenge the indictment's factual basis." *Kirschenbaum*, 156 F.3d at 792 (quoting *United States v. Moya-Gomez*, 860 F.2d 706, 729 (7th Cir. 1988)). But, as is relevant here, even were a post-indictment hearing held concerning the restraint of funds, "the probable cause established in the indictment . . . is to be determinative of any issue regarding the merits of the government's case on which the forfeiture is to be based." *Moya-Gomez*, 860 F.2d at 728. Phillips loses on this point.

The claim that Phillips is unable to provide for her defense is also set out in conclusory fashion. Her alleged inability to obtain counsel seems to be of equal importance to her inability to send her children to summer camp:

> [T]heir children couldn't go to summer camp because the Phillips didn't have the money to send them and last but not least, they don't have money to pay for her Defendant, Theresa Phillips defense.

This is the only insight we have into this claim. We surmise that Phillips' contention is not that the procedures used in the district court were lacking, but rather simply that the outcome was erroneous. Despite that, our very brief discus-

sion of this issue cannot entirely avoid touching on procedural issues.

It is established that under the Sixth Amendment, the claim fails. Phillips has a right to counsel, but not a right to the release of funds to obtain counsel of her choice. *United States v. Monsanto*, 491 U.S. 600 (1989); *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617 (1989); *Kirschenbaum*, 156 F.3d at 792; *Moya-Gomez*, 860 F.2d at 731.

There is, however, a related Fifth Amendment question raised in *Moya-Gomez* and left unresolved in *Monsanto*, *Caplin & Drysdale*, and *Kirschenbaum*. That issue is whether the Due Process Clause requires an evidentiary hearing regarding the deprivation of the defendant's liberty interest in the Sixth Amendment right to counsel of her choice. Unfortunately for Phillips, we find this case, as we did *Kirschenbaum*, an inadequate vehicle by which to consider the issue. In *Kirschenbaum* we said the defendant "simply failed to 'show a bona fide need to utilize assets subject to the restraining order to conduct his defense[.]'" *Kirschenbaum*, 156 F.3d at 792 (quoting *Moya-Gomez*, 860 F.2d at 730). If anything, Phillips has provided us with even less support for her claim, and certainly no basis to disturb the district court decision or to require a hearing.

We also find that Ms. Phillips cannot raise the issue of her husband's claim to the property. Mr. Phillips did not raise the issue in the district court, nor has he appealed even though he probably has standing to appeal. *See Kirschenbaum*, 156 F.3d at 794. Even were we to consider the issue of Mr. Phillips' claim to the property, once again we would find that the record is insufficient to allow us to evaluate the issue. Furthermore, the superseding indictment alleges that Theresa and Lance Phillips transferred some of the proceeds from the fraudulently obtained Medicare checks into an account at West Suburban Bank in

the name of HCC. It also alleges that some funds from this account were transferred to a Bank One account in Lance Phillips' name. The forfeiture allegation specifically alleges that $15,119.67 in this account is subject to forfeiture. The problem for Mr. Phillips is that title to forfeitable assets is vested in the United States "at the time of the criminal act giving rise to forfeiture." *Caplin & Drysdale*, 491 U.S. at 627. By the time the Medicare funds were deposited in accounts in which Lance Phillips had an interest, title to the funds was already vested in the government.

Accordingly, the decision of the district court denying the motion for release of assets is AFFIRMED.

A true Copy:

       Teste:

                           _____
                           *Clerk of the United States Court of*
                           *Appeals for the Seventh Circuit*